James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiffs
MARTIN MARGARITO and SILVIA CASTRO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| MARTIN MARGARITO, SR., an individual, and SILVIA CASTRO, an individual;<br><br>      Plaintiffs,<br><br>   v.<br><br>PALMER SYSTEMS, INC., a California Corporation, dba SONOMA COUNTY CREDIT SERVICE, TINA AMADOR, an individual, BAY VISTA AT MEADOW PARK, L.P., a California Limited Partnership, and DOES 1 through 10, inclusive,<br><br>      Defendants.<br>_____/ | Case No.<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br>15 United States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiffs, based on information and belief and investigation of counsel,

except for those allegations which pertain to the named plaintiffs or their attorneys

(which are alleged on personal knowledge), hereby make the following allegations:

INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees, and

costs of suit brought by individual consumers for Defendants' violations of the Fair

Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) (hereinafter FDCPA), and

the Rosenthal FDCPA, California Civil Code § 1788 *et seq.* (RFDCPA), which

prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

## JURISDICTION

4. Jurisdiction of this Court arises under 15 United States Code section 1692k, subdivision (d), 28 U.S.C. section 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. section 1367. Declaratory relief is available pursuant to 28 U.S.C. sections 2201 and 2202.

5. This action arises out of Defendants' violations of the FDCPA. This court is expressly authorized to hear this case by an Act of Congress which created a specific and uniquely federal right or remedy to address and redress the harm alleged by plaintiffs herein.

## VENUE

- 2 -
COMPLAINT

1    6. Venue in this judicial district is proper pursuant to 28 U.S.C. section

2    1391(b), in that a substantial part of the events or omissions giving rise to the claim

3    occurred in this judicial district. Venue is also proper in this judicial district

4    pursuant to 15 U.S.C. section 1692k, subdivision (d), in that Defendants transact

5    business in this judicial district and the violations of the FDCPA complained of

6    occurred in this judicial district.

7                              INTRADISTRICT ASSIGNMENT

8    7. This lawsuit should be assigned to the San Francisco / Oakland Division of

9    this Court because a substantial part of the events or omissions which gave rise to

10   this lawsuit occurred in Sonoma County.

11

12                                      PARTIES

13   8. Plaintiff MARTIN MARGARITO is a natural person residing in Sonoma

14   County, California. Mr. Margarito is the spouse of Plaintiff SILVIA CASTRO. Mr.

15   Margarito is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

16   9. Plaintiff SILVIA CASTRO is a natural person residing in Sonoma County,

17   California. Ms. Castro is the spouse of Plaintiff MARGARITO. Ms. Castro is a

18   "consumer" within the meaning of 15 U.S.C. § 1692a(3).

19   10. Defendant PALMER SYSTEMS, INC. ("PSI") is a California corporation

20   engaged in the business of collecting debts in this State with its principal place of

21   business located in Santa Clara, California. PSI may be served by serving its

22   Registered Agent, Roger Young, whose business address is 1111 Willow St. #1, San

23   Jose CA 95125. PSI sometimes uses the fictitious business name SONOMA

24   COUNTY CREDIT SERVICE. The principal business of PSI is collection of

25   consumer debts and filing and maintaining civil debt collection lawsuits and

26   obtaining judgments in those cases by utilizing the U.S. Mail, telephone and

27   internet. PSI regularly collects, directly or indirectly, consumer debts it acquires in

28   default (or has treated the debt as if it were in default at the time of acquisition) via

1   U.S. Mail, telephone, internet, and civil debt collection lawsuits. PSI is a "debt

2   collector" within the meaning of 15 U.S.C. § 1692a(6).

3          11. Defendant TINA AMADOR is an individual employed by PSI or the

4   pseudonym of an individual employed by PSI (at all times relevant hereto). PSI

5   knows the address at which AMADOR may be served with process. AMADOR is

6   engaged in the business of collection of consumer debts and filing and maintaining

7   civil debt collection lawsuits and obtaining judgments in those cases by utilizing

8   the U.S. Mail, telephone and internet. AMADOR regularly collects, directly or

9   indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone,

10  internet, and civil debt collection lawsuits. AMADOR is a "debt collector" within

11  the meaning of 15 U.S.C. § 1692a(6).

12         12. Defendant BAY VISTA AT MEADOW PARK, L.P. is a California Limited

13  Partnership engaged in the business of collecting debts in this State with its

14  principal place of business at 2580 Shea Center Drive, Livermore, CA 94550. BAY

15  VISTA may be served by serving its Registered Agent for Service of Process, Robert

16  V. Claflin, at 2580 Shea Center Drive, Livermore, CA 94550.

17         13. The true names and capacities, whether individual, corporate, associate

18  or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are

19  unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by

20  such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all

21  relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive,

22  are natural persons, limited liability companies, corporations or business entities

23  of unknown form that have or are doing business in the state of California. Plaintiff

24  will seek leave of the Court to replace the fictitious names of these DOE Defendants

25  with their true names when they are discovered by Plaintiff.

26         14. At all relevant times alleged in this Complaint, Defendants, and each of

27  them, were regularly engaged in the business of collecting consumer debts

28  throughout the state of California, including Sonoma County, by assisting the other

1 debt collectors in filing and maintaining civil debt collection lawsuits and in

2 obtaining default judgments in those cases by utilizing the U.S. Mail, telephone

3 and internet.

4        15. Plaintiffs are informed, believe and thereon allege, that each and all of

5 the aforementioned Defendants are responsible in some manner, either by act or

6 omission, strict liability, fraud, deceit, fraudulent concealment, negligence,

7 *respondeat superior*, breach of contract or otherwise, for the occurrences herein

8 alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by

9 the conduct of Defendants.

10        16. Plaintiffs are informed, believe and thereon allege, that at all relevant

11 times alleged in this Complaint, each of the Defendants sued herein was the agent,

12 servant, employer, joint venturer, partner, division, owner, subsidiary, alias,

13 assignee and/or alter-ego of each of the remaining Defendants and was at all times

14 acting within the purpose and scope of such agency, servitude, joint venture,

15 division, ownership, subsidiary, alias, alter-ego, partnership or employment and

16 with the authority, consent, approval and ratification of each remaining Defendant.

17                    **FACTUAL ALLEGATIONS**

18                    The Underlying Alleged Debt

19        17. On or about October 17, 2014, a money judgment was entered in Sonoma

20 County Superior Court in the amount of $5,096.20, against Plaintiffs, and in favor

21 of "John Stewart, Co.,[sic]" the property manager for Plaintiffs' former landlord,

22 Bay Vista at Meadow Park, L.P. ("the alleged debt"). The alleged debt including

23 residential rent was incurred primarily for personal, family or household purposes

24 and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).[1]

25        18. The money judgment entered October 17, 2014 included $1839 in unpaid

26 rent demanded in the complaint, $4127 in daily unlawful detainer damages from

27

28        [1]        *Leasure v. Willmark Communities, Inc.* (S.D. Cal. June 7, 2011) 2011 WL
                2267598 and *Romea v. Heiberger & Assocs.* (2d Cir. 1998) 163 F.3d 111, 114-115.

1   August 1, 2014 to October 6, 2014, $1430 in costs and attorney fees, and gave a

2   credit for a payment of $2300 which Plaintiff Martin Margarito had made

3   pursuant to a stipulation for entry of judgment in the state court case.

4   　　　19. On August 25, 2015, defendants sent Plaintiffs a letter demanding

5   $8002.29 plus $644.56 in interest, for a total of $8646.85. Plaintiffs are informed

6   and believe and thereon allege that defendants improperly added an extra $995,

7   and additional rental damages and attorney fees and costs already awarded in the

8   judgment and not justified by the rental agreement. Plaintiffs are also informed

9   and believe and thereon allege that the amount of interest claimed by defendants is

10   excessive, as the amount properly owed would yielded interest due of $435.62.

11   When given proper credit for the remainder of their security deposit, plaintiffs are

12   informed and believe and thereon allege that the total amount properly due on

13   August 25, 2015 was no more than $4833.11.  As a result, Defendants overstated

14   the amount owed by $3814 and thus falsely represented the character, amount or

15   legal status of the debt, in violation of 15 U.S.C. section 1692e, subdivision (2)(A).

16   　　　20. Even an unintentional misrepresentation of the amount of debt violates

17   the FDCPA.[2] An unintentional misrepresentation of the amount which significantly

18   overstates the amount owed is a material misrepresentation for purposes of the

19   FDCPA.[3] Here, plaintiffs are informed and believe and thereon allege that

20   defendants overstated the amount by 79 percent. As a result, the misrepresentation

21   of the amount was material.

22   　　　21. During September 2015, plaintiffs sent a writing to defendants disputing

23   the amount claimed in defendants' August 25, 2015 letter. Defendants wrote back

24   on October 27, 2015 reaffirming the $8002.29 claim and adding interest of

25   $782.69.

---

[2]   *Patzka v. Viterbo College* (W.D. Wis. 1996) 917 F.Supp. 654, 658.

[3]   *Powell v. Palisades Acquisition XVI, LLC* (4th Cir. 2014) 782 F.3d 119, 127 (no question that 50% overstatement of debt is a material misrepresentation.)

COMPLAINT

1
2
3

22. As a result of Defendants' abusive debt collection practices in seeking more than a 75% overstatement of the correct amount owed, Plaintiffs were forced to file a Chapter 7 Bankruptcy petition.

4
5
6

23. As a result of Defendants' abusive debt collection practices, Plaintiffs have incurred actual damages including costs and attorney fees in an amount to be determined at trial.[4]

7
8
9
10
11

24. Plaintiffs are informed and believe, and thereon allege, that Defendants have sought excessive amounts on debts and judgments on more than 40 persons in the State of California in the one year preceding the filing of this Complaint. Therefore, Plaintiffs may seek leave to amend this Complaint to add class allegations at a later date.

12

CLAIMS

13

FAIR DEBT COLLECTION PRACTICES ACT

14
15
16

25. Plaintiffs bring the first claim for relief against Defendants PSI and AMADOR under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

17
18

26. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

19
20

27. Plaintiff MARTIN MARGARITO is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

21
22

28. Plaintiff SILVIA CASTRO is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

23
24

29. Defendant PSI is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

25

30. Defendant AMADOR is a "debt collector" as that term is defined by the

26
27
28

[4] *Owens v. Howe* (N.D. Ind. 2005) 365 F. Supp. 2d 942, 948 (the attorney fees and costs incurred defending a state court action are awardable as actual damages under 15 U.S.C. § 1692k(a)(1); (*See Lowe v. Elite Recovery Solutions, L.P.* (E.D. Cal. Feb. 4, 2008) 2008 WL 324777.)

1  FDCPA, 15 U.S.C. § 1692a(6).

2  31.  The financial obligation sought to be collected from Plaintiffs is a "debt"

3  as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

4  32. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2),

5  1692e(10) and 1692f by making false and misleading representations, and engaging

6  in unfair and abusive practices. Defendants' violations include, but are not limited

7  to:

8  a. misrepresenting the character, amount or legal status of the alleged

9  debt, in violation of 15 U.S.C. § 1692e(2)(A);

10  b. making and using false, deceptive, and misleading representations in an

11  attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and

12  1692e(10); and

13  c. failing to state the correct amount owed pursuant to section 1692g.

14  33. Defendants' acts as described above were done intentionally with the

15  purpose of coercing Plaintiffs to pay the alleged debt.

16  34. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled

17  to an award of actual damages, statutory damages, costs and reasonable attorneys

18  fees, pursuant to 15 U.S.C. § 1692k.

19  <u>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>

20  35. Plaintiffs bring the second claim for relief against Defendants PSI,

21  AMADOR and BAY VISTA under the Rosenthal Fair Debt Collection Practices Act

22  ("RFDCPA"), California Civil Code §§ 1788-1788.33.

23  36. Plaintiffs incorporate all paragraphs in this Complaint as though fully set

24  forth herein.

25  37. Plaintiffs are "debtors" as that term is defined by the RFDCPA, Civil Code

26  section 1788.2, subdivision (h).

27  38. Defendant PSI is a "debt collector" as that term is defined by the

28  RFDCPA, California Civil Code section 1788.2, subdivision (c).

1      39. Defendant AMADOR is a "debt collector" as that term is defined by the

2    RFDCPA, Cal. Civil Code § 1788.2(c).

3      40. Defendant BAY VISTA is a "debt collector" as that term is defined by the

4    RFDCPA, Cal. Civil Code § 1788.2(c).

5      41. The financial obligation sought to be collected from Plaintiffs is a

6    "consumer debt" as that term is defined by the RFDCPA, California Civil Code

7    section 1788.2, subdivision(f).[5]

8      42. Defendants violated the RFDCPA, California Civil Code sections 1788.13,

9    subdivision (e) and 1788.17 by making false and misleading representations, and

10   engaging in unfair and abusive practices. Defendants' violations include, but are

11   not limited to:

12        a. making and using false, deceptive, and misleading representations in an

13      attempt to collect the alleged debt, in violation of Civil Code section 1788.17;

14        b. misrepresenting the character, amount or legal status of the alleged

15      debt, in violation of Civil Code § 1788.17;

16        c. attempting to collect a nonexistent debt from Plaintiff, an action that

17      cannot lawfully be taken, in violation of Civil Code §§ 1788.13(e) and 1788.17;

18

19      43. Defendants' acts as described above were done willfully and knowingly

20   with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of

21   Civil Code section 1788.30, subdivision (b).

22      44. As a result of Defendants' violations of the RFDCPA, Plaintiffs are

23   entitled to an award of actual damages in an amount to be determined at trial,

24   pursuant to Civil Code section 1788.30, subdivision (a).

25      45. As a result of Defendants' willful and knowing violations of the RFDCPA,

26   Plaintiffs are entitled to an award of a statutory penalty in an amount not less than

27   _____

28      [5]   *Koller v. West Bay Acquisitions*, LLC (N.D. Cal., July 11, 2012) 2012 WL
            2862440, *7; *Gouskos v. Aptos Vill. Garage* (2001) 94 Cal.App.4th 754, 759.

1  one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against

2  each Defendant, pursuant to Civil Code section 1788.30, subdivision (b).

3        46. As a result of Defendants' violations of the RFDCPA, Plaintiffs are

4  entitled to an award of statutory damages in an amount not exceeding $1,000

5  against each Defendant named in this cause of action, pursuant to Civil Code

6  section 1788.17 (*see* 15 U.S.C. § 1692k(a) (2)(A)).

7        47. As a result of Defendants' violations of the RFDCPA, Plaintiffs are

8  entitled to an award of reasonable attorney's fees and costs pursuant to Civil Code

9  sections 1788.30, subdivision (c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

10       48. Pursuant to Civil Code section 1788.32, the remedies provided under the

11  RFDCPA are intended to be cumulative and in addition to any other procedures,

12  rights or remedies that the Plaintiff may have under any other provision of law.

13                          REQUEST FOR RELIEF

14       Plaintiffs request that this Court:

15       a) Assume jurisdiction in this proceeding;

16       b) Declare that Defendants PSI and AMADOR violated the Fair Debt

17  Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10) and 1692f;

18       c) Declare that Defendants PSI, AMADOR and BAY VISTA violated the

19  Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e) and

20  1788.17;

21       d) Award Plaintiffs actual damages in an amount to be determined at trial,

22  pursuant to 15 U.S.C. § 1692k(a)(1) and and Cal. Civil Code § 1788.30(a);

23       e) Award Plaintiffs statutory damages in an amount not exceeding $1,000

24  each, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

25       f) Award Plaintiff a statutory penalty in an amount not less than $100 nor

26  greater than $1,000 against each Defendant, pursuant to Cal. Civil Code §

27  1788.30(b);

28

1    g) Award Plaintiff statutory damages in an amount not exceeding $1,000

2    against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. §

3    1692k(a)(2)(A));

4    h) Award Plaintiffs the costs of this action and reasonable attorneys fees

5    pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code § 1021.5,  1788.17 (*see* 15

6    U.S.C. § 1692k(a)(3)) and 1788.30(c)); and

7    i) Award Plaintiffs such other and further relief as may be just and proper.

8

9

10   DATED: July 29, 2016                    ____/s/ James A. Michel_____
                                             JAMES A. MICHEL
11                                           State Bar No. 184730
                                             2912 Diamond St #373
12                                           San Francisco CA 94131
                                             Tel. # 415/ 239-4949
13                                           Email: attyjmichel@gmail.com

14                                           Attorney for Plaintiffs
                                             MARTIN MARGARITO and
15                                           SILVIA CASTRO

16

17

18
                           DEMAND FOR JURY TRIAL
19
          PLEASE TAKE NOTICE that Plaintiffs MARTIN MARGARITO and SILVIA
20
     CASTRO hereby demand a trial by jury of all triable issues of fact in the
21
     above-captioned case.
22

23
     DATED: July 29, 2016                    ____/s/ James A. Michel_____
24                                           JAMES A. MICHEL

25

26

27

28

- 11 -
COMPLAINT